IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:19CR141-1 |
| | ) | |
| | ) | |
| MARION LEVERNE LITTLE | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Marion Leverne Little's pro se Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. #38]. In support of his motion, he relies on his age and medical conditions, his increased risk of death from COVID-19, the burden on the Bureau of Prisons were he to contract COVID-19, and his mother's care needs. For the reasons explained below, his motion is denied.

On October 3, 2019, Little was sentenced to seventy-three months' imprisonment. "The court may not modify a term of imprisonment once it has been imposed except", as is relevant here, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier". 18 U.S.C. § 3582(c)(1)(A). Little submitted a request to the warden for compassionate release based on his medical conditions, but neither the date of his request nor the date of the warden's receipt of that request is evident

from Little's motion or supporting documentation. However, given that the warden denied the request on December 3, 2020, it is plausible that thirty days passed since the warden's receipt of the request when Little filed the instant motion. Therefore, it is determined that he has exhausted his administrative remedies.

He must next meet his burden of showing that extraordinary and compelling reasons warrant relief, see 18 U.S.C. § 3582(c)(1)(A)(i), and this he has not done. See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (finding "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," "empower[ing]" courts "to consider any extraordinary and compelling reason for release that a defendant might raise") (citation omitted); U.S. Sentencing Guideline § 1B1.13, Application n.1 (providing circumstances found to be extraordinary and compelling) cited in McCoy, 981 F.3d at 282 n.7 (noting that § 1B1.13 "remains helpful guidance even when motions are filed by defendants"); Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5050.50 (Jan. 17, 2019) (explaining circumstances supporting compassionate release).

Sixty-seven-year-old Little claims to be "on Chronic Care" after having had two strokes and suffering from hypertension, obesity, and depression, in addition to being under "constant supervision from medical staff due to his weakened heart". Under certain circumstances, an inmate's age and medical conditions may constitute extraordinary and compelling reasons warranting release, see, e.g., U.S. Sentencing Guidelines § 1B1.13, Application n.1(A) (discussing medical

conditions), Application n.1(B) (discussing a defendant's age), but those circumstances are not present here.

First, the guidance provided by Application Note 1(B) to the policy statement in § 1B1.13 of the United States Sentencing Guidelines describes a defendant who is at least sixty-five years old, suffering from "a serious deterioration" in health due to aging, having "served at least 10 years or 75 percent of his . . . term of imprisonment, whichever is less." Little is sixty-seven, but not only has he failed to present evidence that he is experiencing serious health deterioration due to aging, he has only served approximately fifty percent of his sentence, see https://www.bop.gov/inmateloc/ (noting Little's release date as Apr. 16, 2024) (last visited Jan. 11, 2021).

Next, Little's medical conditions are not akin to those described in the guidance provided by Application Note 1(A) to the policy statement in § 1B1.13. Little submitted no medical records or other documentation of his health conditions, other than the warden's denial of his request for compassionate release in which the warden explains that a medical evaluation concluded that "all of [Little's] conditions are controlled through medication" and he is "capable of performing activities of daily living (ADL) without assistance and [is] capable of carrying out self-care."

Little's history of hypertension is confirmed in his August 2019 Presentence Report, but, as noted above, it is controlled by medication. He also reported as part of his presentence investigation that he suffered three strokes from 1970 to

3

1990, that his face "twisted" on one occasion, but that he had since healed. The Presentence Report also notes his height and weight, but they do not equate to a body mass index characterized as obese. Instead, they reflect a body mass index well within the normal range. He also "denied any history . . . [of] mental or emotional disorders." Little does not dispute the Bureau of Prisons' determinations that all of his medical conditions are controlled through medication and that he is capable of performing ADLs and self-care without assistance. He does not argue that he is not receiving necessary medical care or how he could better access medical treatment outside the Bureau of Prisons.

In addition to relying on his age and medical conditions as a basis for compassionate release, Little also argues that they place him at higher risk of death were he to contract COVID-19 which would place a burden on the Bureau of Prisons' medical staff and the government's finances. Of Little's documented medical conditions, the Centers for Disease Control and Prevention ("CDC") recognize that hypertension may increase the risk of severe illness from the virus that causes COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020).

In addition, Little's age is known to place him at higher risk for severe illness from COVID-19 than younger individuals. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. More specifically, the CDC reports that, compared to individuals eighteen to twenty-nine years old, individuals between the ages of sixty-five and seventy-four are five times more likely to

4

require hospitalization as a result of COVID-19 and ninety times more likely to die. Id. Eight out of ten COVID-19 deaths reported in the United States have been adults sixty-five and older. Id.

Little is housed at FCI Williamsburg where thirty-eight of its approximately 1,300 inmates are reported to be presently infected. https://www.bop.gov/coronavirus/ (also reporting eight staff members presently infected, no deaths, and eighty-nine inmates who have recovered) (last updated Jan. 8, 2021). The challenge for Little is that it cannot be determined that he would be better protected from contracting COVID-19 if he were released to Rockingham, North Carolina as proposed in his Presentence Report. See N.C. Dep't of Health & Human Servs., COVID-19 County Alert System, https://files.nc.gov/covid/documents/dashboard/COVID-19-County-Alert-System-Report.pdf (reporting Richmond County's 14-day Case Rate Per 100,000 as 615.7, its 14-day Percent Positive as 11.6%, and "[c]ritical [c]ommunity [s]pread in the county) (updated Jan. 6, 2021). Other than a desire to reside with his elderly mother, he has provided no release plan.

Little also relies on his ninety-three-year-old mother's circumstances. He claims that she needs a walker, has difficulty hearing, and needs a caregiver. Little believes that he can relieve his family's financial and emotional burdens if he were released to be her caregiver. Some family circumstances may constitute extraordinary and compelling reasons for release, see, e.g., U.S. Sentencing Guidelines § 1B1.13 Application n.1(C), but these do not. Little's concern over his

5

mother's care and family's wellbeing are admirable and understandable. However, as is more fully explained below, Little's history does not instill confidence that he could do as he hopes. As stated in his Presentence Report, he "was incarcerated almost continuously from 1985 to present" and was last employed outside prison in the 1980's. He reported that he had received Social Security Income since April 2018. When he was released from imprisonment in March 2018, he resided with his mother and, according to Little, did well and remained sober. However, by the end of that year, he had relapsed to smoking cocaine base. He left the residence of his mother, who was then ninety-two years old, to move in with two other drug users with whom he would commit the instant offenses. Little's mother is not without family while he is incarcerated; Little has four living siblings, two of whom he reported to be non-disabled and employed.

Even if Little had met his burden of showing extraordinary and compelling reasons warranting relief, the requisite application of the factors from 18 U.S.C. § 3553(a), see 18 U.S.C. § 3582(c)(1)(A), counsel against his release. On the one hand, Little's age suggests that he is less likely to recidivate than younger offenders following release. See U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders (Dec. 2017). However, he was sixty-five years old when he committed the instant offenses, just a year after having been released to post-release supervision following a lengthy term of incarceration.

And, his lengthy criminal history reflects an individual who has continued to be a threat to public safety. His felony convictions include three convictions for

6

common law robbery, one conviction for robbery with a dangerous weapon, twenty convictions for breaking and entering, eighteen convictions for larceny, two convictions for escape, two convictions for speeding to elude arrest, and one conviction for first degree kidnapping. During his periods of incarceration, Little continued to struggle with abiding by standards of conduct and incurred infractions. He is presently imprisoned for attempting to rob a Family Dollar and an Alco Food Store and robbing a Dollar General, each while either brandishing or using a knife.

For the reasons explained above, IT IS HEREBY ORDERED that Defendant Marion Leverne Little's pro se Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. #38] is DENIED.

This the 11th day of January, 2021.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge